UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **IAN BAYLEE MOYTOY**<br>**REG. # 05449-010** | **:** | **DOCKET NO. 2:21-cv-0615** |
| **VERSUS** | **:** | **JUDGE TERRY A. DOUGHTY** |
| **STEVEN MNUCHIN** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of mandamus [doc. 1] filed by pro se petitioner Ian Baylee Moytoy ("petitioner"). The petitioner is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana (FCIO).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that all claims be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

Petitioner asks this Court to issue an order compelling Steven Mnuchin, Secretary of the Department of the Treasury, and Charles Rettig, Commissioner of the Internal Revenue Service, to issue an economic stimulus check to him, pursuant to the Coronavirus Aid, Relief, and Economic Security Act (The "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020).

## II.
### LAW & ANALYSIS

Petitioner contends that he is owed economic stimulus payments because he falls within the class of plaintiffs established in *Scholl v. Mnuchin*, No. 4:20-cv-5309-PJH (N.D. Cal), 2020 U.S. Dist. Lexis 20. Doc. 1, p. 1. The court in *Scholl* found that the economic stimulus payments could not be denied simply because an individual was incarcerated. *See Scott v. Yellen*, No. 21-cv-01519-PJH, 2021 U.S. Dist. LEXIS 49440, *8 (N.D. Cal. Mar. 16, 2021). However, the court was clear that it took no position on whether individual incarcerated plaintiffs were owed the economic stimulus payment, which is the relief sought in the instant case. *Id*. That responsibility fell to the IRS to make an individual determination. *Id*. More importantly, funds cannot now be distributed pursuant to the CARES Act. The CARES Act imposed a deadline of December 31, 2020, for economic stimulus payments to be made or allowed[1]. *Id*. That deadline has passed, and no more funds may be issued   Plaintiff cannot obtain the relief he seeks in this case.

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[1] The CARES Act, codified in part at section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, establishes a tax credit for eligible individuals in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children. 26 U.S.C. § 6428(a). For purposes of the Act, an eligible individual is defined as "any individual" other than (1) any nonresident alien individual, (2) any individual who is allowed as a dependent deduction on another taxpayer's return, and (3) an estate or trust. § 6428(d). The EIP is an advance refund of the subsection (a) tax credit and subsection (f) describes the mechanism for implementing the advance refund. Paragraph (1) of subsection (f) provides that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." § 6428(f)(1). Paragraph (3) of subsection (f) requires the IRS to "refund or credit any overpayment attributable to this section as rapidly as possible." § 6428(f)(3). Additionally, **Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020**." (Emphasis added.)

**IT IS FURTHER RECOMMENDED** that all pending motions in this matter be **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 11th day of May, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE